Daniels, J.
Full concurrence is given to the opinion of Mr. Justice Brady for an affirmance of the judgment in this action,, but one point presented in support of the appeal requires further consideration than it has already received, and that is the effect of the direction in the will depending on the event of any one of the testator’s children, or his grandchild, Mary Elizabeth Vanderpoel, dying without issue. In that event it has been directed that then “the income and profits of my estate to which he or she would have been entitled, if living, shall be divided between my surviving children above mentioned, and the lawful issue of my deceased child, share and share alike, such issue to take the share to which the parent, if living, would have been entitled, and the principal shall form a part of the common fund to be divided among the lawful issue of my said children whenever such issue shall arrive at the age of thirty years, as above mentioned.” By this direction it has been urged by the counsel in support of the appeal that an unlawful suspension of the power of alienation has been provided for by the testator, but that is not the effect which this direction is considered entitled to receive. For if either of the children, or this grandchild, shall die without issue, then the income and profits of the share alloted to such person, is to be divided between the surviving children of the testator, and the lawful issue of any *310 deceased child, share and share alike. If this direction shall take effect as it has been provided, then each of the surviving children of the testator, and the issue of such children, will take the rents and profits provided for the deceased beneficiary, in equal, separate and distinct shares, and the principal of the fund provided for such beneficiary will be in the same manner divided among the persons directed to be entitled to finally receive it. In no event will a compliance with this direction result in an unlawful suspension of the power of alienation. For as to the principal of the estate, as no other direction for its disposition has been given, it will vest in equal portions among the persons entitled to receive it in remainder, on the decease of the respective beneficiaries, entitled to share in the apportionment of the income and profits of the estate. To illustrate this construction and make it still further evident, in case either of the testator’s children shall die without issue, then his or her share of the rents and profits are to be divided in as many shares as there will be survivors to receive it, and each survivor during his life will enjoy his or her share separate and distinct from the other beneficiaries. And upon the decease of either one of these persons such share will go with his own share under the will immediately to the persons provided for in remainder. And the utmost extent of the suspension of alienation will m that manner be limited by the lives of two persons in being at the time of the decease of the testator.
For these reasons and those assigned in the ' opinion of Mr. Justice Brady, the judgment should be affirmed.
Macomber and Beady, JJ., concur.